UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEBSTER BUSINESS CREDIT CORPORATION,

    Plaintiff,

vs.    Case No. 2:07-cv-601-FtM-29DNF

HENRICKS JEWELRY, INC.,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant's Motion to Dismiss and/or Order to Strike (Doc. #8), filed on October 15, 2008. Plaintiff filed a Memorandum of Law in Opposition (Doc. #14) and a Supplemental Memorandum of Law in Opposition (Doc. #27) with leave of Court. Defendant seeks to dismiss the Complaint for failure to add Luxury Ventures, LLC as an indispensable party. Defendant further seeks to strike the demand for attorney's fees from the Complaint as they are not permitted under any contract or statute.

**I.**

    To oversimplify: In 2003, the assets of Henricks Jewelry, Inc. (Henricks) were purchased by Luxury Ventures, LLC (Luxury) for $9 million. In 2005, Luxury obtained partial financing from Webster Business Credit Corporation (Webster). In January, February, and March 2006, Luxury transferred a total of $360,000 to Henricks, which Henricks continues to retain. In due course, both

Webster and Luxury demanded that Henricks return the $360,000 to them respectively. Henricks has conveyed the money to neither party. In April 2007, Luxury and its principals filed a fairly broad ranging state lawsuit against Henricks and its principal (and two others) alleging fraudulent inducement and fraud in connection with the sale of the Henricks assets, as well as breach of contract and conversion. Included in this state lawsuit is a claim for the return of the $360,000 to Luxury (Count VI). In September 2007, Webster filed a narrowly tailored federal lawsuit against Henricks seeking the return of the same $360,000 to Webster. Luxury is not a named party in this federal litigation. While these cases have been pending, Luxury filed for Chapter 11 protection. See Case No. 9:07-bk-11224-ALP.

## II.

Defendant Henricks seeks to dismiss the Complaint because Webster failed to join Luxury as a party defendant. The guidelines for joinder and indispensability are set forth in Rule 19 of the Federal Rules of Civil Procedure. Rule 19 provides a two part test. First, the court determines whether a party should be joined. If so, the court asks whether joinder is feasible. If it is, the party is joined. If not, the court determines whether "in equity and good conscience," the action should continue without the party or be dismissed. FED. R. CIV. P. 19(b). The Court balances four factors: (1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be

lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder. Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 848 (11th Cir. 1999). Findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 106 (1968); In re Trocise, 116 F.3d 860, 865 (11th Cir. 1997).

A party is "necessary" if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings. Laker Airways, 182 F.3d at 847. Luxury clearly has an interest in the $360,000. Webster is seeking a judgment requiring Henricks to pay the $360,000 to it, while Luxury claims an entitlement to the same $360,000. A judgment in this case in favor of Webster's claim to the $360,000 would clearly be adverse to Luxury's interest in the money. This case falls within the general rule that "all claimants to a fund must be joined to determine the disposition of that fund," Trocise, 116 F.3d at 865, and the distinguishing factors found material in Trocise are absent here. The Court concludes that Luxury is a necessary and indispensable party.

Because of the automatic bankruptcy stay, Luxury cannot be made a party to this case. After balancing the four factors it is

clear that dismissal is appropriate. A judgment in this case in favor of Webster will certainly prejudice Luxury's claim to the money, would create the possibility of conflicting judgments by other courts, and will place Henricks in the position of being ordered to pay one entity while the competing claims of another entity remain pending. The one court which can adequately and effectively resolve the competing claims to this money is the bankruptcy court in the pending proceedings regarding Luxury, and all relevant parties are currently participants in that proceeding in one way or another. Absent such a resolution, no relief this court gives in the pending case will protect all parties.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss and/or Order to Strike (Doc. #8) is **GRANTED** as to the motion to dismiss and **DENIED** as moot as to the motion to strike.

2. The case is dismissed without prejudice. The Clerk shall enter judgment accordingly, terminate all pending deadlines and deadlines due to be reset, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of May, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD